*The NAVAJO NATION*
Plaintiff
*vs.*
*La Dadio CASTILLO*
Defendant

In the District Court of the Navajo Nation
Judicial District of Crownpoint, New Mexico

No. CP-TCR-OS-2492

August 25, 2005

## ORDER

THIS MATTER came before the Court upon submission of Plaintiff's Traffic Ticket and Complaint filed in the above-docketed matter and upon the Court's own motion. The Court, being informed in the premises, hereby FINDS:

Defendant is charged with driving under the influence of intoxicating liquor, a violation of the Navajo Traffic Code 14 NNC § 707(A), which is defined as a criminal offense. *See* 14 NNC § 701. At the time he was charged, Defendant was (and still is) seventeen years old.

## LEGAL DISCUSSION

Children's Code 9 NNC § 1121 provides that the District Court ... shall have original exclusive jurisdiction of [a 14 NNC § 707(A)] violation involving a child when the person alleged to have committed the violation is a child who has reached his fifteenth birthday." 9 NNC §1121(A)(1). Yet, this Children's Code section is in direct conflict with the definitions sections of the Children's Code which states that a "delinquent act" includes a violation of 14 NNC §707(A), and that a child under the age of eighteen (which logic would dictate would also include a child aged fifteen) would be treated as a delinquent child and not as a criminal defendant. *See* generally, 9 NNC §§1002(F), (M), and (N), the definitions of "child,""delinquent act," and "delinquent child" respectively.

Navajo Nation Supreme Court, in various cases, has found that the principle of *ííshjání ádoolnííł* also expressed as *doo naaki niłígóó, t'áá ííshjánígó,* or *t'áá bééhozínígo* requires that all statutes and rules must be clear so that people may understand them and can follow them, otherwise they are void for vagueness. *See Yazzie v. Thompson,*8 Nav. R. 693, 696–97 (Nav. Sup. Ct. 2005); *Rough Rock Community School v. Navajo Nation,* 7 Nav. R. 168, 174 (Nav. Sup. Ct. 1995).

In addition, in U.S. jurisprudence, the United States Supreme Court has held that criminal offenses can be void for vagueness in situations in which criminal responsibility should not attach because one could not reasonably understand that contemplated conduct is proscribed. *United States v. Harris,* 347 U.S. 612, 617 (1954).

In the instant case, because of the conflict written into the Children's Code, Defendant could not be certain of the legal ramifications of his action and whether he would be subject to criminal sentencing for his alleged violations. The Court, therefore, finds that as a matter of law, that because of these contradictory elements of the Children's Code, which make it difficult if not impossible for a child in the situation Defendant finds himself in to determine whether or not he may be criminally liable for the behavior he is alleged to have engaged in, make 9 NNC §1121 void as a matter of law based on the Navajo principle of *ííshjání ádoolnííł*.

Based on the foregoing, IT IS THEREFORE ORDERED that this case is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that if Defendant is still in custody he shall be immediately released.

This decision should not be construed to mean that the Navajo Nation lacks a prosecutorial remedy. If it so chooses, it may initiate a proceeding against Defendant alleging that he is a delinquent child.